NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50364 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00504-DSF-1 |
| v. | |
| ARTEMIO GONZALEZ ANDRADE, AKA Artemioi Gonzalez Andrade, AKA Artemio Gonzalez, AKA Temo, AKA Youngster, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted January 20, 2021**

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Artemio Gonzalez Andrade appeals from the district court's judgment and

challenges the 24-month sentence imposed following revocation of his supervised

release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Andrade first contends that the district court procedurally erred by failing to address his mitigating arguments and adequately explain the sentence, and by imposing the sentence to punish him for the conduct underlying the revocation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.

The record reflects that the district court considered Andrade's arguments in favor of a non-custodial sentence and adequately explained its reasons for imposing the within-Guidelines sentence, including the need to protect the community and deter Andrade's criminal conduct. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc). Moreover, the record does not support Andrade's contention that the district court impermissibly imposed the sentence to punish his revocation conduct. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (seriousness of offense underlying the revocation "may be considered to a lesser degree as part of the criminal history of the violator").

Andrade next contends that the sentence is substantively unreasonable in light of several mitigating factors, including his new dedication to religion, his positive performance in custody, his familial reasons for reentering the United States, and his overstated criminal history. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing

factors and the totality of the circumstances.  *See Gall*, 552 U.S. at 51.

Appellant's unopposed request for judicial notice, and appellee's unopposed request for judicial notice, are GRANTED.

Appellee's motion to withdraw its excerpts of record is GRANTED.  The Clerk will strike the supplemental excerpts of record at Docket Entry No. 30.

**AFFIRMED.**